# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20634
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2017

Lyle W. Cayce
Clerk

NICHOLAS D. BROOKS,

Plaintiff-Appellant

v.

RYDER SYSTEM, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2153

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Nicholas D. Brooks was an employee of Ryder Integrated Logistics, Inc. and participated in the Ryder Texas Occupational Injury Benefit Plan. Ryder System, Inc. (RSI) is the Plan Administrator under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* In July 2013, Brooks sustained a workplace injury which occurred when he fell off of a truck and resulted in thumb and lower back injuries. Brooks's medical and wage

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

replacement claims were ultimately denied: the medical claim on the grounds that his thumb injury was excluded under the Plan because it was a degenerative non-covered injury and he failed to keep two scheduled medical appointments as required by the Plan, and the wage replacement claim on the ground that he received full pay from the date of the injury through the date of his termination, upon which time his benefits ceased under the Plan.

Brooks filed this ERISA suit against RSI, claiming that RSI had wrongly denied his claims for benefits and failed to timely respond to his request for claim documents.  RSI's motion for summary judgment was granted and Brooks's complaint was dismissed with prejudice.  Brooks now challenges the grant of summary judgment, arguing that (1) RSI abused its discretion by denying his claim for medical benefits and wage replacement on the grounds that his thumb injury was excluded under the Plan, that he failed to attend two scheduled medical appointments, and that he received his wages until he was terminated; and (2) RSI failed to timely provide him with the administrative record, in violation of 29 U.S.C. § 1132(c)(1).

We review the grant of summary judgment de novo, applying the same standard as the district court.  *Pub. Citizen Inc. v. La. Att'y Disciplinary Bd.*, 632 F.3d 212, 217 (5th Cir. 2011).  "Standard summary judgment rules control in ERISA cases."  *Cooper v. Hewlett–Packard Co.*, 592 F.3d 645, 651 (5th Cir. 2009) (internal quotation marks and citation omitted).  When, as here, the language of a plan under ERISA grants the administrator discretionary authority to construe the terms of the plan or determine eligibility for benefits, the administrator's determination must be upheld by a court unless it is found to be an abuse of discretion.  *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 110-11 (2008).  In the ERISA context, "[a]buse of discretion review is synonymous with arbitrary and capricious review."  *Cooper*, 592 F.3d at 652.

No. 15-20634

On appeal, Brooks has presented nothing that would create a question of material fact that the denials of his medical and wage replacement claims were arbitrary and not supported by substantial evidence. *See Ellis v. Liberty Life Assur. Co. of Bos.*, 394 F.3d 262, 273 (5th Cir. 2004); FED. R. CIV. P. 56(a). Nor has he presented anything that would create a question of material fact as to the denial of his claim for administrative penalties. *See id.* Accordingly, the district court did not err in granting summary judgment in favor of RSI.

AFFIRMED.